**HOUSTON TYPOGRAPHICAL UNION NO. 87, Appellant,**

v.

**HOUSTON CHRONICLE PUBLISHING COMPANY, Appellee.**

No. 24446.

United States Court of Appeals
Fifth Circuit.

Oct. 31, 1967.

Rehearing Denied Nov. 22, 1967.

Bliss Daffan, Houston, Tex., for appellant.

Willis Witt, Liddell, Dawson, Sapp & Zivley, Houston, Tex., for appellee.

Before WISDOM, THORNBERRY and GOLDBERG, Circuit Judges.

PER CURIAM:

The plaintiff, the Houston Chronicle Publishing Company sues to compel arbitration under its collective bargaining contract with the defendant, Houston Typographical Union No. 87. Each party moved for summary judgment. The district court granted the plaintiff's motion and ordered arbitration.

The Union had received complaints from some of its members concerning a foreman, Eugene Martin. The charges related to Martin's performance of his

duties as composing-room foreman. The Union filed the complaints and summoned Martin to appear before its Executive Committee. Martin did not appear. The Union then instituted proceedings by which Martin was fined, reprimanded, and ordered to appear again. This action was based solely on his failure to appear when first summoned. When Martin, with the advice of the Chronicle, continued to ignore the proceedings, the Union took steps to expel him. The Joint Standing Committee was unable to resolve the controversy, and the Chronicle demanded that the matter be placed in arbitration. The Union characterizes its actions as Union conduct of its own affairs, insulated from arbitration by the contract. It has therefore refused to arbitrate.

Ultimate solution of the controversy between the Union and the Chronicle turns on whether the Union's initial summons to Martin to appear and answer complaints relating to his composing-room conduct constituted *discipline* forbidden by section 8(h) [1] of the contract or *conduct of its own affairs* allowed by section 6.[2] The district court concluded that the controversy involves a question of contract construction within the purview of section 4.[3]

We adopt the opinion of the district court, 272 F.Supp. 974, as the opinion of this Court.

The judgment is affirmed.

---

1. Section 8(h). *"No* fines or disciplinary action shall be *imposed by the Union upon any foreman * * ** for his actions in enforcing the office rules under conditions authorized in contract *for carrying out the instructions of the office * * *"*

2. Section 6. "Nothing contained herein shall be construed to interfere in any way with the * * * *operation of any rules* not in conflict with the law or this contract * * * *by the Union for the conduct of its own affairs."*

3. Section 4. "Should the Joint Standing Committee be unable to agree [on questions concerning the construction to be placed upon any clause of this agreement] * * * it shall immediately refer the matter to *arbitration * * * * providing, *controversies* or disagreements which may be decided in accordance with the terms of this Section 4 shall be *limited exclusively* and specifically *to the differences in the interpretation* and enforcement *of the terms of this contract, including the question of whether* under Section 5(a) and (b), *the disputed issue is covered by the terms of this contract,* and including the interpretation of all language contained in this contract."